UNITED STATES DISTRICT CORUT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-CV-21302-Cooke/Torres

JOEY MALVAES,
a Florida resident,

    Plaintiff,

v.

CONSTELLATION BRANDS, INC.,
A Delaware corporation, CROWN
IMPORTS, LLC, a Delaware limited
Liability company, and SAM'S EAST
INC., an Arkansas corporation d/b/a
SAM'S CLUB,

    Defendants.
_____/

## SAM'S EAST, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

SAM'S EAST, INC. ("Sam's"), by and through its undersigned attorneys, hereby answers Plaintiff's Complaint as follows:

1. Unknown, therefore denied.

2. Unknown, therefore denied.

3. Unknown, therefore denied.

4. Unknown, therefore denied.

5. Unknown, therefore denied.

6. Unknown, therefore denied.

7. Admit.

8. Admit for jurisdictional purposes only.

9. Denied as phrased.

Case No. 14-CV-21302-Cooke/Torres

10. Denied.

11. Denied.

## LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS

12. Unknown, therefore denied.

13. Unknown, therefore denied.

14. Unknown, therefore denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

### Count I- Strict Liability-Design Defect- Constellation Brands

Sam's does answer count I, paragraphs 20-27, as said count does not state a cause of action against it.

### Count II- Strict Liability-Manufacturing Defect- Constellation Brands

Sam's does answer count II, paragraphs 28-35, as said count does not state a cause of action against it.

### Count III- Negligence-Design Defect- Constellation Brands

Sam's does answer count III, paragraphs 36-44, as said count does not state a cause of action against it.

### Count IV- Negligence-Manufacturing Defect- Constellation Brands

Sam's does answer count IV, paragraphs 45-53, as said count does not state a cause of action against it.

Case No. 14-CV-21302-Cooke/Torres

### Count V- Negligence-Failure to Warn- Constellation Brands

Sam's does answer count V, paragraphs 54-61, as said count does not state a cause of action against it.

### Count VI- Strict Liability-Design Defect- Crown Imports

Sam's does answer count VI, paragraphs 62-69, as said count does not state a cause of action against it.

### Count VII- Strict Liability-Manufacturing Defect- Crown Imports

Sam's does answer count VII, paragraphs 70-77, as said count does not state a cause of action against it.

### Count VIII- Negligence-Design Defect- Crown Imports

Sam's does answer count VIII, paragraphs 78-86, as said count does not state a cause of action against it.

### Count IX- Negligence-Manufacturing Defect- Crown Imports

Sam's does answer count IX, paragraphs 87-95, as said count does not state a cause of action against it.

### Count X- Negligent Handling, Storage or Maintenance-Crown Imports

Sam's does answer count X, paragraphs 96-104, as said count does not state a cause of action against it.

### Count XI- Negligence-Failure to Warn-Crown Imports

Sam's does answer count XI, paragraphs 105-114, as said count does not state a cause of action against it.

### Count XII- Strict Liability-Design Defect-Sam's East, Inc.

115.  Denied.

116. Denied as phrased.

117. Denied as phrased.

118. Denied as phrased.

119. Denied.

120. Unknown, therefore denied.

121. Denied.

122. Unknown, therefore denied.

123. Denied.

### Count XII- Strict Liability-Manufacturing Defect-Sam's East, Inc.

124. Denied.

125. Denied as phrased.

126. Denied as phrased.

127. Denied as phrased.

128. Denied.

129. Unknown, therefore denied.

130. Denied.

131. Unknown, therefore denied.

132. Denied.

### Count XIV- Negligence-Design Defect-Sam's East, Inc.

133. Denied.

134. Denied as phrased.

135. Denied as phrased.

136. Denied as phrased.

4

137. Denied.

138. Unknown, therefore denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

### Count XV- Negligence-Manufacturing Defect-Sam's East, Inc.

143. Denied.

144. Denied as phrased.

145. Denied as phrased.

146. Denied as phrased.

147. Denied.

148. Unknown, therefore denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

### Count XVI- Negligent Handling, Storage or Maintenance-Sam's East, Inc.

153. Denied.

154. Denied as phrased.

155. Denied as phrased.

156. Denied as phrased.

157. Denied.

Case No. 14-CV-21302-Cooke/Torres

158. Unknown, therefore denied.

159. Denied.

160. Denied.

161. Denied.

162. Denied.

### **Count XVII- Negligence-Failure to Warn-Sam's East, Inc.**

163. Denied.

164. Denied as phrased.

165. Denied as phrased.

166. Denied as phrased.

167. Denied.

168. Unknown, therefore denied.

169. Denied.

170. Denied.

171. Denied.

### **DEMAND FOR TRIAL BY JURY**

SAM'S EAST, INC. demands trial by jury on all counts.

### **AFFIRMATIVE DEFENSES**

For its first affirmative defense, Defendant, SAM'S EAST, INC. allege that the damages complained of were caused by the sole negligence of Plaintiff thereby barring Plaintiff from any recovery herein.

For its second affirmative defense, Defendant, SAM'S EAST, INC., alleges that the injuries and damages complained of were as a result of the sole negligence of a third party and/or

6

parties who are not under the custody, direction or control of this defendant, specifically, the co-defendants, and that Plaintiffs, for that reason, are not entitled to recovery. Defendant would state that that Constellation Brands, Inc. and/or Crown Imports, LLC are responsible and SAM'S EAST, INC. would adopt Plaintiff's allegations in support thereof.

For its third affirmative defense, Defendant, SAM'S EAST, INC. alleges that the damages complained of were a direct result of intervening and unforeseeable causes breaking the chain of causation against Defendant, SAM'S EAST, INC. and, therefore, Plaintiff is not entitled to recovery.

For its fourth affirmative defense, Defendant, SAM'S EAST, INC., alleges that at the time of the subject accident, Plaintiff was negligent and such actions on the parts of Plaintiff was a competent producing cause of the injuries and damage which are claimed, and that the Plaintiffs award, if any, should be proportionately reduced based on the Doctrine of Comparative Negligence in relation to Plaintiff's own contribution to the injuries and damages sustained.

For its fifth affirmative defense, Defendant, SAM'S EAST, INC., alleges that Plaintiff have had the benefit of collateral source payments with reference to the incident alleged in the Complaint and, therefore, are prohibited by Florida Statute 768.76 from obtaining or claiming the same expenses in this action.

For its sixth affirmative defense, Defendant, SAM'S EAST, INC., would state that Plaintiffs or damages were caused by third persons beyond the control of this defendant and for whose negligence this Defendant is not responsible, specifically, Constellation Brands, Inc. and Crown Imports, LLC. As such, this Defendant requests that the negligence of these third persons be apportioned in accordance with Florida Statute 768.81. Defendant would state that that are responsible and Wal-Mart would adopt Plaintiff's allegations in support thereof.

For its seventh affirmative defense, Defendant, SAM'S EAST, INC. alleges that products it is alleged to have distributed conformed to the then current state-of-the art, and that the then current state of scientific and industrial knowledge, art, and practice was such that this Defendant did not know and could not reasonably have known that the alleged products might pose a risk of harm in normal and foreseeable use.

For its eighth affirmative defense, Defendant, SAM'S EAST, INC., alleges that the products it is alleged to have distributed were in no way defective or ultra-hazardous, in light of the then existing state-of-the art.

For its ninth affirmative defense, Defendant, SAM'S EAST, INC., alleges that Plaintiff has released settled, entered into an accord and satisfaction or otherwise compromised their claims herein and, accordingly, those claims are barred by operation of law.  Alternatively, this Defendant alleges that Plaintiff has accepted compensation in partial settlement of those claims for which this Defendant is entitled to a set-off.

For its tenth affirmative defense, Defendant, SAM'S EAST, INC. alleges that Plaintiff's action is barred, in whole or in part, in that the products defendant is alleged to have distributed was manufactured in accordance with local, state and federal governmental specifications and standards, and that those government entities had actual or constructive knowledge with regard to the alleged hazards of the alleged product(s).

For its eleventh affirmative defense, Defendant, SAM'S EAST, INC., allege that, at all times and places material to the Complaint, Plaintiffs and/or other persons, without SAM'S EAST, INC.'S knowledge and approval, redesigned, modified, altered and used the products SAM'S EAST, INC., is alleged to have distributed, contrary to instructions and contrary to custom and practice of the industry.  This redesign, modification, alteration and use so

8

substantially changed the alleged products' character that, if there were defects in the alleged products, which is specifically denied, such defects resulted solely from the redesign, modification, alteration or other such treatment or change and not from any act or omission by this Defendant.  Therefore, the alleged defects, if any were created by Plaintiff and/or other persons and were the direct and proximate cause of Plaintiff's injuries, if any.

For its twelfth affirmative defense, Defendant, SAM'S EAST, INC., alleges that Plaintiff's Complaint contains allegations of various acts or omissions on the part of this Defendant which doesn't represent the breach of any legal duty recognized under Florida law.

For its thirteenth affirmative defense, Defendant, SAM'S EAST, INC. alleges that, at all times and places material to the Complaint, Plaintiff and/or other persons, specifically, used the products this Defendant is alleged to have distributed, if at all, in an unreasonable manner, not reasonably foreseeable to this Defendant and for a purpose for which the alleged products were not intended, manufactured or designed.  Plaintiffs' injuries, if any, were directly and proximately caused by this misuse and abuse and, therefore, Plaintiffs' recovery herein, if any, is barred or must be diminished in proportion to the fault attributed to Plaintiffs and/or other parties or persons.

For its fourteenth affirmative defense, Defendant, SAM'S EAST, INC. alleges that the products alleged to have distributed was changed, altered or modified after they left this Defendant's control and such change, alteration or modification was the legal cause of Plaintiff's injuries, if any.

For its fifteenth affirmative defense, Defendant, SAM'S EAST, INC. alleges that, at all times and places material to the Complaint, Plaintiff failed to make reasonable efforts to mitigate his injuries and/or damages.

For its sixteenth affirmative defense, SAM'S EAST, INC., allege that, at all times and places material to the Complaint the products this Defendant is alleged to have distributed was reasonably fir for their intended purposes and was not defective or inherently dangerous.

For its seventeenth affirmative defense, Defendant, SAM'S EAST, INC., alleges that there was and is no unreasonable risk associated with the product it is alleged to have distributed.

For its eighteenth affirmative defense, Defendant, SAM'S EAST, INC., alleges that Plaintiff tampered with and performed destructive testing on the product which prevents this Defendant from performing any meaningful testing barring this Defendant from putting forth a legal defense.

For its nineteenth affirmative defense, SAM'S EAST, INC. alleges that Plaintiff caused spoliation of evidence preventing SAM'S EAST, INC. from being able to prove that the bottle was not defective.

Defendant, SAM'S EAST, INC. reserves the right to assert any additional affirmative defenses and matters in avoidance as may be disclosed during the course of additional investigation and discovery, including collateral estoppel.

WHEREFORE, Defendant, SAM'S EAST, INC. demands judgment in their favor plus trial by jury on all issues so triable as a matter of right by jury, plus the award of all court costs incurred in defending this claim.

Case No. 14-CV-21302-Cooke/Torres

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of the foregoing was served by email this 27th day of Mayl, 2014, to Philip M. Gerson, Esq., Gerso & Schwartz, P.A., 1980 Coral Way, Miami, FL 33145, pgerson@gslawusa.com; eschwartz@gslawusa.com; zdiaz@gslawusa.com.

            QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
            *Attorney for Sam's Club*
            One East Broward Boulevard, Suite 1200
            Fort Lauderdale, FL 33301
            Telephone: (954) 523-7008
            Facsimile: (954) 523-7009
            dtarlow.pleadings@qpwblaw.com

           By: /s/ *David Tarlow*
            DAVID TARLOW, ESQUIRE
            Florida Bar No. 893684