76424-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JOEY MALVAES, a Florida resident,                    CIRCUIT CIVIL DIVISION

      Plaintiff,                                    CASE NO. 14-cv-21302-Cooke/Torres

vs.

CONSTELLATION BRANDS, INC., a
Delaware corporation; CROWN
IMPORTS, LLC, a Delaware limited
liability company; and SAM'S EAST,
INC., an Arkansas corporation, d/b/a
SAM'S CLUB,

      Defendants.
_____/

## CROWN IMPORTS, LLC'S ANSWER, AFFIRMATIVE DEFENSES AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND SUPPORTING MEMORANDUM OF LAW

      Defendant CROWN IMPORTS, LLC, (hereinafter referred to as "Defendant") by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.1, hereby files this Answer, Affirmative Defenses and Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can Be Granted and Supporting Memorandum of Law, and as grounds therefore states as follows:

### ANSWER

      1.    Defendant admits that the amount in controversy as alleged in paragraph 1 of the Complaint meets the jurisdictional threshold. It is denied in all other respects.

      2.    Defendant is without knowledge as to the allegations of paragraph 2 of the Complaint.

CASE NO. 14-cv-21302-Cooke/Torres

3.    The allegations of Paragraphs 3, 4, 6 and 7 of Plaintiff's Complaint are directed to another party and do not require a response from this Defendant.

4.    Defendant admits the allegations of Paragraph 5 of Plaintiff's Complaint.

5.    Defendant admits that the Court has subject matter jurisdiction over this action as alleged in paragraph 10 of the Complaint, but denies the allegations in all other respects.

6.    Defendant admits that venue lies in the Southern District of Florida, as alleged in paragraph 11 of the Complaint.

7.    Defendant is without knowledge of the allegations of paragraphs 12 and 13 of the Complaint and therefore they are denied.

8.    Defendant specifically denies each and every allegation contained within paragraphs 14, 15, 16, 17, 18 and 19 of the Complaint and demands strict proof thereof.

9.    Defendant denies all allegations not specifically admitted herein which are directed against it from Counts VI and VII, as the balance of the allegations are subject to Defendant's Motion to Dismiss incorporated herein.

10.    The Defendant specifically denies all allegations of negligence, strict liability, causation and damages.

11.    No answer is necessary at this time to the allegations as set forth in Counts VIII through XI of the Complaint as those Counts relate to the claims of negligence which are the subject of the incorporated Motion to Dismiss.

12.    No response is provided to the Counts directed against co-Defendants as they are directed to another party and do not require a response from this Defendant.

CASE NO. 14-cv-21302-Cooke/Torres

However, to the extent that the allegations therein in any way are interpreted as involving negligence, alleged acts or omissions on the part of this Defendant, said allegations are specifically denied.

**COUNT VI**
**STRICT LIABILITY/DESIGN DEFECT**
**CROWN IMPORTS, LLC.**

13.    Defendant CROWN adopts, realleges and incorporates by reference its responses to all allegations of paragraphs 1 through 19 directed to it, as if they were incorporated in full herein.

14.    Defendant CROWN admits the allegations of paragraph 63 of the Complaint.

15.    Defendant CROWN specifically denies each and every allegation contained within paragraphs 64, 65, 66, 67, 68 and 69 of the Complaint and demands strict proof thereof

**COUNT VII**
**STRICT LIABILITY/MANUFACTURINGDEFECT**
**CROWN IMPORTS, LLC.**

16.    Defendant CROWN adopts, realleges and incorporates by reference its responses to all allegations of paragraphs 1 through 19 directed to it, as if they were incorporated in full herein.

17.    Defendant CROWN admits the allegations of paragraph 71 of the Complaint.

- 3 -

CASE NO. 14-cv-21302-Cooke/Torres

18.    Defendant CROWN specifically denies each and every allegation contained within paragraphs 72, 73, 74, 75, 76, and 77 of the Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

19.    Defendant states that the Plaintiff's alleged injuries were solely the result of negligence on the part of third parties who were not under the care, custody, control, or supervision of this Defendant, and, therefore, the Plaintiff may not recover against Defendant for said injuries.

20.    Defendant states that the Plaintiff was guilty of negligence and the Plaintiff's negligence was the sole, proximate cause or contributing cause of the damages complained of and the recovery, if any, should be barred or reduced proportionately pursuant to the doctrine of comparative negligence.

21.    Defendant states that the Plaintiff failed to observe and follow warnings and instructions and any damages alleged in the Complaint are a result of this failure and, therefore, any award to which the Plaintiff may be entitled should be either barred or reduced accordingly pursuant to the doctrine of comparative negligence.

22.    Defendant states that Plaintiff failed to mitigate his alleged damages as required under Florida Law and any such recovery should be proportionately reduced as a result of the failure heretofore alleged.

23.    Defendant states that, at all material times, it acted reasonably and prudently under the circumstances and complied with all applicable industry, state, and/or federal laws and regulations.

CASE NO. 14-cv-21302-Cooke/Torres

24.    Defendant states that its product complied with the state of the art of scientific and technical knowledge and other circumstances at the time of manufacture, and this Defendant relies on Florida Statute §768.1257.

25.    Defendant states that a distributor or retailer may be held liable to a third party in negligence *only* if he can be charged with actual or implied knowledge of the defect

26.    Defendant states that the alleged injuries and/or damages of Plaintiff were caused by the alteration, unintended use, abuse, misuse, and/or modification of the product referred to in Plaintiff's Complaint by parties outside the control of Defendant.

27.    Defendant stated that the Plaintiff's injuries or damages are the result of an intervening, superseding event which was the sole, proximate cause or contributing cause of the damages complained of and the recovery, if any, should be barred or reduced proportionately.

28.    Defendant specifically claims any credit or set-off to which it might be entitled, for any reason, including set-off or credits for any payments paid or payable to the Plaintiff herein for any damages alleged in this action from any collateral source whatsoever, including set-offs pursuant to Florida Statutes Section 768.81 .

29.    Defendant pleads the benefit of all provisions of the Florida Torts Reform Act of 1986 regarding the partial abolition of the joint and several liability doctrines, collateral source set-off, the option to pay judgments over time, and otherwise.

CASE NO. 14-cv-21302-Cooke/Torres

## **DEMAND FOR JURY TRIAL**

Defendant CROWN IMPORTS, LLC hereby demands trial by jury for all matters so triable as of right by a jury.

## **MOTION TO DISMISS**

## **FACTUAL AND PROCEDURAL BACKGROUND**

1.     Plaintiff, JOEY MALVAES, filed this product liability lawsuit based on diversity jurisdiction, 28 U.S.C. §1332 alleging he was injured by an exploding "Corona Extra" beer bottle during a family party on December 24, 2013.

2.     The Complaint alleges strict products liability and negligence claims against CONSTELLATION BRANDS, INC., the alleged manufacturer, bottler, distributor, and seller of the Corona Extra beer. *See* Counts I-V of Plaintiff's Complaint, attached hereto as Exhibit "A."

3.     Against the alleged importer, distributor and seller of the Corona Extra beer, CROWN IMPORTS, LLC, Plaintiff alleges claims of strict products liability, negligence, as well as negligent handling, storage or maintenance. *See* Counts VI-XI of Exhibit "A."

4.     Plaintiff also alleges claims of strict liability and negligence against Defendant SAM'S EAST, INC., the alleged retailer of the allegedly defective Corona Extra beer. *See* Counts XII-XVII of Exhibit "A."

5.     The strict liability counts alleged against each Defendant are based on manufacturing defects and design defects. *See* Exhibit "A."

- 6 -

6.      The negligence counts alleged against each Defendant are based on manufacturing defects, design defects and failure to warn. Id.

## ARGUMENT

7.      The mere labels and conclusions alleged in Plaintiff's Complaint are insufficient to state causes of action for negligence against CROWN IMPORTS, LLC. Plaintiff is not entitled to relief based on the allegations of the Complaint as written, as there are no plausible grounds for a negligence action against CROWN IMPORTS, LLC.

8.      Plaintiff merely alleges legal conclusions that the Defendant negligently manufactured, designed, failed to warn and/or handled, stored or maintained the defective Corona Extra beer.

9.      In order to state a cause of action for negligence, the allegations in the Complaint must explain the Defendant's individual duty of care owed to Plaintiff, the relationship between the Defendants, as well as their individual breaches of duty. Gomez v. Pfizer, Inc., 675 F.Supp.2d 1159 (S.D.Fla. 2009); Bailey v. Janssen Pharmaceutical, Inc., 288 Fed.Appx. 597 (11th Cir. 2008).

## MEMORANDUM OF LAW

A Defendant may move to dismiss a Complaint under Federal Rule of Civil Procedure 12(b) (6) for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b) (6). To survive a Rule 12(b) (6) motion to dismiss, the factual allegations in Plaintiff's Complaint must be enough to raise a right to relief above the speculative level and include "enough facts to state a claim to relief that is plausible on its face." Bell

CASE NO. 14-cv-21302-Cooke/Torres

Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). A plaintiff's obligation to provide the grounds of her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Id. at 545. Rather, the facts set forth in the complaint must be sufficient to "nudge the[ ] claims across the line from conceivable to plausible." Id. at 547.

Since subject matter jurisdiction in this case is based upon diversity of citizenship, the substantive law of the State of Florida must be applied in ruling on this Motion to Dismiss. Erie R. Co. v. Tompkins, 304 U.S. 64 (1938).

**PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENCE AGAINST CROWN IMPORTS, LLC WITHOUT ALLEGING DEFENDANT'S INDIVIDUAL DUTY AND BREACHES OF DUTY.**

Plaintiff's Complaint fails to allege sufficient facts to state a claim for negligence against the Defendant CROWN IMPORTS, LLC. To state a cause of action for negligence, a plaintiff must allege that the defendant owed a duty, that the defendant breached that duty, and that the breach caused the plaintiff damages. Fla. Dep't of Corrections v. Abril, 969 So.2d 201 (Fla. 2007). The same elements must be established whether for a negligent design, negligent manufacture or negligent failure to warn claim. Cooper v. Old Williamsburg Candle Corp., 653 F.Supp.2d 1220 (M.D.Fla. 2009)(applying Florida law).

It is fundamental that the plaintiff first establish the existence of a duty on the part of the defendant to protect the plaintiff from the injury or damage of which he or she complains. Blackton Bldg. Supply Co., Inc. v. Garesche, 383 So.2d 250 (Fla. 5th DCA 1980). Without a duty of care to the plaintiff with respect to a product causing injury,

- 8 -

CASE NO. 14-cv-21302-Cooke/Torres

there can be no liability for negligence. Id.; Trespalacios v. Valor Corp. of Florida, 486 So.2d 649 (Fla. 3$^d$ DCA 1986).

The negligence counts VIII-XI fail to allege any duty of care owed by CROWN IMPORTS, LLC to Plaintiff. Moreover, Plaintiff fails to allege that the duties owed by Defendant were breached or how they were breached. *See* Counts III-V and VIII-XI of Exhibit "A." Rather, Plaintiff merely states legal conclusions that the Defendant negligently manufactured, negligently designed, negligently failed to warn and/or negligently failed to handle, store or maintain the defective beer. *See* Paragraphs 100 and 113 of Exhibit "A."

In Gomez v. Pfizer, Inc., 675 F.Supp.2d 1159 (S.D.Fla. 2009), the plaintiff brought product liability claims against McNeil and Johnson & Johnson (J&J), the designers and manufacturers of the drugs, Tylenol and Motrin. The Court found the Complaint failed to allege the existence of any duty on the part of the defendants. The Court also noted the complaint failed to state the respective duties of the defendants by including some definitive relationship between McNeil and J&J to the products in question, as well as the relationship between McNeil and J&J. The Court dismissed the plaintiff's negligence claims, stating plaintiffs must explain McNeil's individual duty and J&J's individual duty, as well as their individual breaches of that duty, to state a claim for negligence against them.

The Eleventh Circuit Court of Appeals in Bailey v. Janssen Pharmaceutical, Inc., 288 Fed.Appx. 597 (11th Cir. 2008) held each defendant is entitled to specific allegations of alleged wrongdoing. Thus, the plaintiff failed to state negligence claims against the

CASE NO. 14-cv-21302-Cooke/Torres

pharmaceutical company, its distributors and drug store chain. The Court stated the plaintiff should have explained each defendant's individual duty and breach based on its role in the creation of the product.

Plaintiff fails to state sufficient allegations to state causes of action for negligence against CROWN IMPORTS, LLC. There is no allegation of any duty owed by the Defendant in the Complaint. Based on the Defendant's relationship with the product in question, the Corona Extra beer bottle, and the relationships between the Defendants, Plaintiff must explain each Defendant's individual duty as well as their individual breaches of the duty to state a claim for negligence against them. As such, the negligent design, negligent manufacture, negligent failure to warn and negligent handling, storage or maintenance claims in Counts VIII-XI against CROWN IMPORTS, LLC should be dismissed.

## **CONCLUSION**

Plaintiff's Complaint fails to contain sufficient allegations to state a claim for negligence against CROWN IMPORTS, LLC. as Counts VIII-XI fail to allege any duty of care owed by the Defendant, the individual duties owed by each Defendant, the relationship between the Defendants and the individual breaches of the duty by each Defendant.

WHEREFORE, Defendant, CROWN IMPORTS, LLC, respectfully requests that this Honorable Court enter an Order granting Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can Be Granted and any other relief this court deems appropriate.

- 10 -

CASE NO. 14-cv-21302-Cooke/Torres

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Philip M. Gerson, pgerson@gslawusa.com, eschwartz@gslawusa.com, zdiaz@gslawusa.com and to Candace D. Korthals, ckorthals@qpwblaw.com; on this 5th day of June, 2014.

Respectfully Submitted,

/s/ Constantine G. Nickas
/s/ Ana M. Alexander
Constantine G. Nickas, Esquire
Florida Bar No. 866954
Ana M. Alexander, Esquire
Florida Bar No. 872490
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for Constellation Brands Inc. and Crown Imports, LLC
2800 Ponce de Leon Boulevard, Suite 800
Coral Gables, FL 33134
Phone: (305) 448-3939
Fax: (305) 441-1745
miacrtpleadings@wickersmith.com