76424-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-cv-21302-Cooke/Torres

JOEY MALVAES, a Florida resident,

    Plaintiff,

vs.

CONSTELLATION BRANDS, INC., a Delaware
corporation; CROWN IMPORTS, LLC, a
Delaware limited liability company; and SAM'S
EAST, INC., an Arkansas corporation, d/b/a
SAM'S CLUB,

    Defendants.
_____/

## AFFIDAVIT OF THOMAS L. READ, Ph.D.

STATE OF CALIFORNIA

COUNTY OF SONOMA

    BEFORE ME, the undersigned authority, on this day personally appeared Thomas L. Read, Ph.D., who after being first duly sworn, under oath, deposes and says:

    1.     I have personal knowledge of the facts set forth herein, am over eighteen years of age, and am *sui juris*.

    2.     I was hired as an expert by the defense in the matter of *Joey Malvaes v. Constellation Brands et al.* to determine the cause of the bottle failure of the 12oz Corona Extra bottle which Plaintiff alleges exploded in his hand.



EXHIBIT "B"

CASE NO. 14-cv-21302-Cooke/Torres

3. I have a Ph.D. in Materials Science and Engineering, over 40 years experience performing glass failure analysis and have analyzed hundreds of broken bottles. My current CV is attached for the Court as Exhibit A.

4. Glass failure analysis is a proven technique used to determine the cause of failure of broken bottles. The standard procedure is to assemble the bottle to determine the general location of potential fracture initiation sites (origins). The bottle is then taken apart to allow microscopic examination of the fracture surfaces in the area of the suspected origin. Once the origin has been located, it is examined and documented microscopically to determine the cause of failure.

5. I have been provided with the report of Plaintiff's expert, Mr. Jim Goldman.

6. In the report Mr. Goldman concludes that the subject bottle was so weak that pushing it into a cooler filled with ice generated enough force to cause the bottle to fail.

7. There is no scientific basis supporting Mr. Goldman's opinions. His report cites no evidence to prove his claims and his opinions are based entirely on speculation and lack any scientific basis or support, as briefly described below

8. In support of his conclusion, Mr. Goldman purports to have conducted a glass failure analysis.

CASE NO. 14-cv-21302-Cooke/Torres

9. A glass failure analysis cannot be conducted without the identification of the potential fracture initiation site, which Mr. Goldman's report indicates was not present.[1] Without the fracture origin, Mr. Goldman cannot determine the cause of failure.

10. Additionally, although Mr. Goldman states that he examined the remaining pieces of the subject bottle and that the fracture pattern is consistent with the statement made by Mr. Malvaes, he does not show or describe the fracture pattern, nor does he describe or provide Mr. Malvaes' "statement."

11. Mr. Goldman has represented that the failure of the bottle initiated near the bottom and that the cause of the failure was its deficient design.

12. His conclusion as to bottle design is unsupported since he cannot formulate an opinion as to where the fracture initiated without the fracture initiation site. Moreover, although he states that he performed an FEA (i.e. Finite Element Analysis) which showed that the 12-oz Corona Extra glass bottle was negligently designed, there is no FEA data in the report or other substantiation for his negligent design opinion.

13. As to the manufacturing defect opinion, Mr. Goldman states that the apparent ease at which the bottle failed suggests that the effect of the poor bottle heel design may have been worsened by poor mold maintenance at the time of manufacture.

14. Not only does Mr. Goldman fail to present any details describing the "ease" with which the bottle failed, he does not provide any facts or proof that he has direct knowledge of exactly how the bottle was made. In the absence of this knowledge, he speculates that there were problems with the bottle manufacturing process.

---

[1] I have not had the opportunity to inspect the bottle and cannot currently provide an

CASE NO. 14-cv-21302-Cooke/Torres

15. Although my work on this case is preliminary as I have not had the opportunity to inspect the bottle or gather additional facts, my opinions relating to the deficiencies in Mr. Goldman's report are unqualified.

FURTHER AFFIANT SAITH NAUGHT,

*Thomas L. Read*

THOMAS L. READ, Ph.D.

**Notary Certificate Attached**

Sworn to (or affirmed) and subscribed before me this _____ day of _____, 2015, by _____.

_____
Notary Public – California

(Print, Type, Stamp, or Commissioned Name of Notary Public)

Personally Known _____ OR Produced Identification _____
Type of Identification Produced: _____

---

opinion as to whether the fracture site was preserved.

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of  Sonoma

Subscribed and sworn to (or affirmed) before me on this 29 day of January, 20 15, by Thomas L. Read,
proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

CONNIE MUNIZ
COMM. #1978798
Notary Public-California
SONOMA COUNTY
My Comm. Exp. APR 21, 2016

(Seal)                    Signature  Connie Muniz