UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-21302-civ-COOKE/TORRES

JOEY MALVAES,

    Plaintiff,

vs.

CONSTELLATION BRANDS, INC.,
a Delaware corporation, CROWN
IMPORTS, LLC, a Delaware
limited liability company, and
SAM'S EAST, INC., an Arkansas
corporation d/b/a SAM'S CLUB,

    Defendants.
_____/

## OMNIBUS ORDER

    This is an action for strict liability and negligence stemming from Plaintiff Joey Malvaes' injuries when a bottle of Corona Extra beer exploded or shattered in his hand while Plaintiff was allegedly holding and using the bottle in a normal fashion. Before me are the following fully briefed motions: Defendants' Motion for Brief Extension of Expert Discovery Deadline ("Defendants' Motion") (ECF Nos. 85, 91, 99) and Plaintiff's Motion to Strike Defendants' Listed Experts, Thomas Read, Ph.D and Harris Gellman, M.D. ("Plaintiff's Motion") (ECF Nos. 105, 113). For the reasons that follow, Defendants' Motion is granted in part and denied in part, and Plaintiff's Motion is granted in part and denied in part.

### I.   Background

    Plaintiff filed his Complaint on April 11, 2014 (ECF No. 1). In his Complaint, Plaintiff alleged that he was seriously injured when a bottle of Corona Extra beer shattered in his right hand. On July 18, 2014, the parties filed their Schedule Jointly Proposed by the Parties (ECF No. 26) pursuant to Local Rule 16.1(b)(2) and this Court's Order (ECF No. 10). In the Schedule Jointly Proposed by the Parties, the parties included the following relevant proposed deadlines: Plaintiff shall disclose

1

experts and their reports by January 12, 2015; Defendants shall disclose experts and their reports by January 26, 2015; Fact discovery shall be completed by February 2, 2015; and the Parties shall complete expert discovery by March 9, 2015. These deadlines were adopted by the Court in its Order Setting Civil Trial Date and Pretrial Deadlines (ECF No. 27).

On November 14, 2014, in response to Defendants' discovery request, Defendants received from Plaintiff all of his medical records then in his possession, which documented the Plaintiff's condition from the date of injury to mid-November, 2014. On January 12, 2015, Plaintiff filed his expert disclosures and accompanying reports. On January 26, 2015, Defendants filed a Motion for Continuance of Trial and Motion for Extension of Expert Disclosure Deadline (ECF No. 68). The January 26th motion stated that Plaintiff had refused to produce the subject beer bottle to Defendants' expert for testing in California, where the expert is located. Nowhere in that motion did Defendants discuss any issues in retaining an expert on damages to testify on the other side of a case to Plaintiff's damages expert, Dr. Elizabeth Ouellette.

Defendants also moved to compel examination of the subject bottle on January 26, 2015. (ECF NO. 67). In their Motion to Compel Examination of Bottle, Defendants stated that their expert was located in California and that they sought to have the examination take place in California to avoid the expense of associated with the expert's travel to Miami. (*Id.*). In their motion to compel, Defendants did not disclose the name of their expert. The first time they did so was on February 6, 2015, in response to Plaintiff's Motion for Partial Summary Judgment Against Defendant Crown Imports, LLC (ECF No. 61), when Defendant Crown Imports, LLC submitted the affidavit of Thomas L. Read, Ph.D. (ECF No. 74-2). Dr. Read's Affidavit stated that he was hired as an expert in the case, but had not had the opportunity to inspect the bottle. (*Id.* at ¶¶ 2, 15).

On February 11, 2015, Magistrate Judge Torres entered a Discovery Order resolving numerous pending motions to compel (ECF No. 77). Among his rulings, Judge Torres compelled Plaintiff to allow Defendants to inspect the subject bottle. However, the Magistrate Judge noted that Plaintiff had made the bottle available to

2

Defendants in Miami, and that Defendants' counsel had inspected the bottle twice, just not with Defendants' expert. The Magistrate Judge admonished Defendants for failing to seek the relief of compelling the bottle's inspection in California well before the discovery cutoff of February 2, 2015. Accordingly, the Magistrate Judge compelled the inspection, but required Defendants' expert to inspect the bottle in Miami. Neither party objected to the Magistrate Judge's Order.

On February 25, 2015, this Court amended its Scheduling Order in pertinent part as follows: the parties were required to complete expert discovery by March 27, 2015, and all fact discovery permitted under the Magistrate Judge's February 11th Order was permitted to be completed. (ECF No. 79). All other deadlines were to remain the same.

On March 6, 2015, a month and a half after their deadline for disclosing experts and one month after the fact discovery deadline, Defendants moved for examination of the Plaintiff pursuant to Rule 35 of the Federal Rules of Civil Procedure. (ECF No. 83). The Magistrate Judge denied Defendants' untimely Motion to Compel Medical Examination on the grounds that Defendants had not demonstrated good cause for their failure to comply with this Court's Scheduling Order. (ECF No. 103). Defendants objected to the Magistrate Judge's ruling on this matter (ECF No. 110), but I affirmed the Magistrate's Order.

## II.   ANALYSIS

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that, "A schedule may be modified only for good cause and with the judge's consent." "Rule 16's good cause standard precludes modification of a scheduling order unless the deadlines cannot 'be met despite the diligence of the party seeking the extension.'" *Diaz v. Burchette*, 585 Fed.Appx. 968, 969 (11th Cir. 2014); *see also Watkins v. Regions Mortg. Inc.*, 555 Fed. Appx. 922 (11th Cir. 2014) (finding no abuse of discretion where district court held litigant to terms of scheduling order and denied a request to submit an expert witness report three weeks after the deadline).

### A.   Defendants' Proffered Damages Expert, Dr. Harris Gellman

To the extent Defendants request an extension of the expert disclosure deadline to belatedly disclose their damages expert, Dr. Harris Gellman, that request

is denied for the reasons stated in this Court's Order Affirming Magistrate Judge's Order. Defendants did not act diligently in obtaining a damages expert, or in seeking to compel Plaintiff's medical examination. To date, Defendants have not filed an expert report by Dr. Gellman, though one could have been generated from reviewing Plaintiff's medical records. Moreover, in their January 26th Motion for Continuance of Trial and Motion for Extension of Expert Disclosure Deadline (ECF No. 68) – a motion which was filed on the same day that expert disclosures were due – Defendants made no mention of having difficulty retaining a damages expert to testify opposite to Plaintiff's damages expert. That indicates to me that this difficulty was a problem that Defendants could have avoided through earlier, diligent attempts to secure a damages expert before the time for their expert disclosure was upon them. Defendants should have known their defense relied in part on examining Plaintiff, and they should have ensured that the request to do so came early enough to meet the deadlines they suggested and the Court imposed. At the very least, Defendants should have raised any issues meeting their deadlines early enough to mitigate the interruption their belated disclosures would cause. Accordingly, Defendants' Motion for Brief Extension of Expert Discovery Deadline, as it pertains to Dr. Gellman, is denied; and, Plaintiff's Motion to Strike Defendants' Listed Experts, as it pertains to Dr. Gellman, is granted.

### B. Defendants' Proffered Liability Expert, Dr. Thomas Read

With respect to Defendants' liability expert, Dr. Thomas Read, I am denying Plaintiff's Motion to Strike him. While Defendants did not exemplify a model of diligence in obtaining and disclosing Dr. Read, as is evident from the Magistrate Judge's Discovery Order dated February 11, 2015 (ECF No. 77), the record demonstrates that Plaintiff has been aware of Dr. Read since February 6, 2015, when Defendant Crown Imports, LLC submitted the affidavit of Thomas L. Read, Ph.D. in response to Plaintiff's Motion for Partial Summary Judgment Against Defendant Crown Imports, LLC. (ECF No. 74-2). Defendant also filed a Motion for Extension of Expert Disclosure Deadline – albeit on the same day those disclosures were due – where Defendants set forth the issues they had encountered in getting Plaintiff to send the subject beer bottle to Defendants' expert in California. Therefore, Plaintiff

4

was not surprised by a belated revelation that Defendants sought to rely on Dr. Read at trial. Finally, the Magistrate Judge's Discovery Order (ECF No. 77) compelled the bottle's inspection, though it required Defendants' expert to come to the bottle in Miami.[1]

Accordingly, Defendants' Motion for Brief Extension of Expert Discovery Deadline, as it pertains to Dr. Read, is granted; and, Plaintiff's Motion to Strike Defendants' Listed Experts, as it pertains to Dr. Read, is denied.

### III.  CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that

1. Defendants' Motion for Brief Extension of Expert Discovery Deadline (ECF. No. 85) is **GRANTED in part and DENIED in part**. Defendant may not belatedly disclose their damages expert, Dr. Harris Gellman, but the belated disclosure of their liability expert, Dr. Thomas Read, is accepted as filed on March 27, 2015 (ECF No. 96).

2. Plaintiff's Motion to Strike Defendants' Listed Experts, Thomas Read, Ph.D. and Harris Gellman, M.D. (ECF No. 105) is **GRANTED in part and DENIED in part**. Defendants' damages expert, Harris Gellman, M.D., is stricken. However, Defendants' liability expert, Thomas Read, Ph.D., is permitted to testify at the trial of this matter.

**DONE and ORDERED** in Chambers, at Miami, Florida, this 22nd day of June 2015.

_____
MARCIA G. COOKE
United States District Judge

---

[1] Plaintiff also moves to strike Dr. Read's expert report on the grounds that the report is defective under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. With respect to Dr. Read's failure to sign the report, Defendants' counsel has stated that that failure was simply inadvertent and has since been corrected. Plaintiff's argument that Dr. Read's report is incomplete because it did not address every opinion contained in Mr. Goldman's report is without merit. Dr. Read will be limited to providing opinions disclosed in his report.

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*