UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-21302-civ-COOKE/TORRES

JOEY MALVAES,

    Plaintiff,

vs.

CONSTELLATION BRANDS, INC.,
a Delaware corporation, CROWN
IMPORTS, LLC, a Delaware
limited liability company, and
SAM'S EAST, INC., an Arkansas
corporation d/b/a SAM'S CLUB,

    Defendants.
_____/

**ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER**

    THIS MATTER is before me on Defendants' Objection to and Appeal of Magistrate Judge's Order Denying Defendants' Motion for Medical Examination. (ECF No. 110). I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons provided, Judge Torres' Order is affirmed.

### I.    STANDARD OF REVIEW

    A district court may "reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. Proc. 72(a). "The Federal Magistrates Act provides two separate standards of judicial review: 'clearly erroneous or contrary to law' for magistrate resolution of nondispositive matters, *see* 28 U.S.C. § 636(b)(1)(A), and '*de novo*' for magistrate resolution of dispositive matters, *see* § 636(b)(1)(B)-(C)." *Peretz v. United States*, 501 U.S. 923, 944 (1991)). Discovery matters are non-dispositive. *See Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ.,* 342 F.3d 1281, 1286 (11th Cir. 2003). "Clear error is a highly deferential standard of review. As the Supreme Court has explained, a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with

1

the definite and firm conviction that a mistake has been committed." *Holton v. City of Thomasville Sch. Dist.,* 425 F.3d 1325, 1350 (11th Cir. 2005) (internal citations and quotation marks omitted).

## II.   ANALYSIS

Defendants seek review of that portion of Magistrate Judge Torres' Order (ECF No. 103) denying Defendants' Motion to Compel Medical Examination (ECF No. 83) of the Plaintiff pursuant to Rule 35, Federal Rules of Civil Procedure. The Magistrate Judge denied Defendants' untimely Motion to Compel Medical Examination on the grounds that Defendants had not demonstrated good cause for their failure to comply with this Court's Scheduling Order (ECF Nos. 27 and 79). I find no clear error in the Magistrate Judge's ruling and affirm.

Defendants filed their Motion to Compel Medical Examination of the Plaintiff on March 6, 2015, more than one month past the fact discovery deadline. This Court's Scheduling Order (ECF No. 27) provided that all fact discovery must be completed by February 2, 2015, and that Defendants were required to furnish their expert witness list and accompanying summaries/reports by January 26, 2015. Defendants admitted in their Motion to Compel Medical Examination that, "The pleadings in this case are sufficient to establish 'good cause' for Rule 35 Examination." (ECF No. 83 at 4). Moreover, on November 14, 2014, in response to Defendants' discovery request, Defendants received from Plaintiff all of his medical records then in his possession, which documented the Plaintiff's condition from the date of injury to mid-November, 2014.

Defendants, nevertheless, argued that the untimely Motion to Compel Medical Examination was supported by "good cause" because Defendants had been unable to find any upper extremity surgeons in Miami-Dade County who would be willing to serve as an expert on the other side of a case to Plaintiff's expert, Dr. Elizabeth Ouellette, whom Plaintiff timely disclosed as his expert on January 12, 2015. I find, as Magistrate Judge Torres found, that this argument does not constitute good cause.

The Rule 35 compelled medical examination of the Plaintiff could have, and should have, been requested much earlier in this case. The Complaint filed on April

11, 2014 made it clear that Plaintiff was placing in controversy the existence of a serious injury to his right hand as a result of the shattering of the Corona Extra beer bottle. *See* Complaint (ECF No. 1) at ¶ 19 ("As a direct and proximate result of the shattering or exploding of the beer bottle referred to above, the Plaintiff was injured in his body and extremities, in particular his right hand, suffered pain therefrom, incurred medical expenses in the treatment of his injuries,…and sustained disability and disfigurement, pain, suffering…").

Armed with the knowledge that their defense substantially relied on a medical examination of the Plaintiff, Defendants knew or should have known that they needed to move to compel the medical examination with sufficient time to meet the fact discovery deadline of February 2, 2015, and the Defendants' expert disclosure deadline[1] of January 26, 2015.[2] As aptly noted in the Magistrate Judge's Order, the rule in this District is that Rule 35 requests for examination are discovery tools subject to the scheduled discovery cutoff dates. *See Lamour v. Applied Credit Systems, Inc.*, No. 02-80318, 2003 WL 25537162 (S.D. Fla. Aug. 5, 2003). By moving to compel the medical examination more than one month past both the expert disclosure deadline and the fact discovery deadline, Defendants showed no regard for complying with this Court's Scheduling Order.

Defendants make much of the fact that they were unable to secure an upper extremity surgeon practicing in Miami-Dade County who was willing to serve opposite Plaintiff's expert. Defendants, however, were able to secure a surgeon practicing in Broward County, just north of Miami-Dade County. With respect to

---

[1] A party conducting a Rule 35 examination is required to deliver to the party examined, upon request, a copy of the examiner's report. *See* Fed. R. Civ. P. 35(b)(1). If the examining party intends to call the examiner to testify at trial, that party must timely disclose the examiner as an expert. *See* Fed. R. Civ. P. 26(a)(2). Therefore, the party seeking a Rule 35 examination, and intending to rely on the examiner at trial, must be cognizant of the deadlines for expert disclosures. *See, e.g., Lamour v. Applied Credit Systems, Inc.*, No. 02-80318, 2003 WL 25537162 (S.D. Fla. Aug. 5, 2003); *Roberson v. Church*, No. 09-cv-372-J-34MCR, 2009 WL 4348692, at *1 (M.D. Fla. Nov. 24, 2009).

[2] I note that these deadlines were accepted at the suggestion of the parties themselves. *See* Schedule Jointly Proposed by the Parties (ECF No. 26).

their liability expert, Defendants secured an expert that resides all the way in California. Apparently, Defendants made a strategic decision to wait until after Plaintiff disclosed his expert to begin their search for a damages expert. The predicament that decision led to does not constitute good cause for belated attempts at discovery.

### III.  CONCLUSION

For the reasons explained in this Order, it is **ORDERED and ADJUDGED** that the Magistrate Judge's Order (ECF No. 103) is **AFFIRMED**.

**DONE and ORDERED** in Chambers, at Miami, Florida this 22ND day of June 2015.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*